UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

---

MILDRED RUDI, *individually and on behalf of all other similarly situated,*

Plaintiff,

- against -

29 WEST 46 STREET, LLC, 830 EIGHTH AVENUE, LLC, 106 GREENWICH, LLC, 1265 BROADWAY LLC, TORKIAN GROUP LLC, TORKIAN MANAGER, CORP, TORKIAN OFFICE, LLC, and TORKIAN REALTY, LLC. d/b/a TORKIAN GROUP, HERSEL TORKIAN, BENJAMIN TORKIAN and JOHN DOE and JANE DOE #1-10

Defendants.

---

Case No.

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

---

Plaintiff  MILDRED  RUDI  ("Plaintiff"),  individually  and  behalf  of  all  other similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files  this  complaint  against  the  Defendants  29  WEST  46  STREET,  LLC,  830  EIGHTH AVENUE,  LLC,  106  GREENWICH,  LLC,  1265  BROADWAY  LLC,  TORKIAN  GROUP, LLC,  TORKIAN  MANAGER,  CORP,  TORKIAN  OFFICE,  LLC,  and  TORKIAN  REALTY, LLC.  d/b/a  TORKIAN  GROUP  (collectively  "Torkian  Group")  HERSEL  TORKIAN BENJAMIN TORKIAN and JOHN DOE AND JANE DOE #1-10 (collectively "Defendants") alleges and shows the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid compensation, (2) unpaid overtime compensation, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the Defendants maintain a place of business located at 1650 Broadway, Suite 910, New York, NY 10019 and because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

<u>**PLAINTIFF**</u>

8.      Plaintiff MILDRED RUDI resides in Queens, New York.  Plaintiff was employed as a superintendent for 29 WEST 46 STREET, LLC, 830 EIGHTH AVENUE, LLC, 106 GREENWICH, LLC, 1265 BROADWAY LLC, TORKIAN GROUP, LLC, TORKIAN MANAGER, CORP, TORKIAN OFFICE, LLC, and TORKIAN REALTY, LLC. HERSEL TORKIAN and BENJAMIN TORKIAN from June 18, 2013 until December 4, 2015.

9.      At all times relevant to this action, Plaintiff has been an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

<u>**DEFENDANTS**</u>

10.      Upon information and belief, 29 West 46 Street, LLC. is a New York corporation located at 1650 Broadway, Suite 910, New York, NY 10019.  Upon information and belief, 29 West 46 Street, LLC owns and manages an office building located at 29 West 46th Street, New York, NY 10036.

11.      Defendant 29 West 46 Street, LLC.  is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any

3

person; and (2) an annual gross volume of sales in excess of $500,000.

12.     Upon information and belief, 830 Eight Avenue, LLC. is a New York corporation located at 1650 Broadway, Suite 910, New York, NY 10019.  Upon information and belief, 830 Eight Avenue, LLC owns and manages a hotel located at 830 8th Avenue, 10019.

13.     Defendant 860 Eight Avenue, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

14.     Upon information and belief, 106 Greenwich, LLC. is a New York corporation located at 1650 Broadway, Suite 910, New York, NY 10019.  Upon information and belief, 106 Greenwich, LLC owns and manages a residential building located at 106 Greenwich Avenue, New York, NY 10011.

15.     Defendant 106 Greenwich, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

16.     Upon information and belief, 1265 Broadway, LLC. is a New York corporation located at 1650 Broadway, Suite 910, New York, NY 10019.  Upon information and belief, 1265 Broadway, LLC owns and manages a hotel located at 1265 Broadway, New York, NY 10001.

17.     Defendant 1265 Broadway, LLC is an "enterprise engaged in interstate

commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

18.     Upon information and belief, Torkian Group, LLC, Torkian Manager Corp, Torkian Office, LLC and Torkian Realty, LLC are New York corporations located at 1650 Broadway, Suite 910, New York, NY 10019.  Upon information and belief, Torkian Group, LLC, Torkian Manager Corp, Torkian Office, LLC and Torkian Realty, LLC own and manage various properties located throughout New York City.

19.     Defendants Torkian Group, LLC, Torkian Manager Corp, Torkian Office, LLC and Torkian Realty, LLC are "enterprises engaged in interstate commerce" within the meaning of the FLSA. Defendants have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) annual gross volume of sales in excess of $500,000

20.     Upon information and belief, Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

21.     Upon information and belief, Defendant Hersel Torkian is the owner and President of all Corporate Defendants, and is sued individually in his capacity as an owner, officer and /or agent of all Corporate Defendants. He exercises sufficient control over the all Corporate Defendants' operations to be considered Plaintiff's employer under the FLSA and

NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at all Corporate Defendants.

22.     Upon information and belief, Defendant Benjamin Torkian is an owner and Officer of all Corporate Defendants, and is sued individually in his capacity as an owner, officer and /or agent of all Corporate Defendants. He exercises sufficient control over the all Corporate Defendants' operations to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at all Corporate Defendants.

## STATEMENT OF FACTS

23.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.     Under NYLL §219.4 (the "anti-shirt changer" law), violators of Article 6 (payment of wages), Article 19 (Minimum Wage Act) and Article 19a (Minimum Wage Act for Agricultural workers) are considered the same employer provided that "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

25.     Under the anti-shirt changer law, Defendants, 29 West 46 Street, LLC, 830 Eight Avenue, 106 Greenwich, LLC, 1265 Broadway, LLC, LLC, Torkian Group, LLC, Torkian Manager Corp, Torkian Office, LLC and Torkian Realty, LLC are considered the same employer, since the manager/owner was always Hersel Torkian, and Plaintiff, and those similarly situated, worked in substantially the same work in substantially the same working conditions.

26.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would

financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

27.     From on or around June 18, 2013 until around June 2014, Plaintiff worked as a building superintendent at 830 8th Avenue and 106 Greenwich Avenue between six (6) and seven (7) days a week, on Monday, Wednesday, and Fridays from 8:00 a.m. until 6:00 p.m., and on Tuesday, Thursday, and Saturday from 8:00 a.m. until 4:00 p.m.  In addition, Plaintiff was required to remain "on-call" on Sundays for twelve (12) hours, and worked an average of four (4) hours each Sunday.  Thus Plaintiff worked at least fifty-eight (58) hours per week.  During this time, he was paid a weekly salary of $673.

28.     From around June 2014 until around June 2015, Plaintiff worked as a building superintendent at 888 6th Avenue and 1265 Broadway between six (6) and seven (7) days a week, on Monday through Saturday from 9:00 a.m. until 5:00 p.m.  In addition, Plaintiff was required to remain "on-call" for twelve (12) hours each Sunday, and worked an average of four (4) hours each Sunday.  Thus Plaintiff worked at least fifty-two (52) hours per week. During this time, he was paid a weekly salary of $673.

29.     From around June 2015 until December 4, 2015, Plaintiff worked as a building superintendent at 29 W. 46th Street between five (5) and seven (7) days a week, on Monday through Friday from 8:30 a.m. until 4:30 p.m.  In addition, Plaintiff was required to remain "on-call" for twenty-four hours on Saturdays and Sundays, and worked an average of four (4) hours for each on call day.  Thus Plaintiff worked at least forty-eight (48) hours per week.  During this time, he was paid a weekly salary of $673.

30.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

31.     Even though Plaintiff regularly worked more than forty (40) hours,

defendants did not compensate plaintiff at the overtime rate of one and one-half (1.5) his regular hourly rate for all hours in excess of forty (40) during any work week.

32.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

33.     Throughout Plaintiff's employment, he was not required to utilize any means of recording or verifying his hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

34.     Plaintiff was regularly required to travel between Defendants work locations throughout the day.  Furthermore, Plaintiff regularly traveled in order to purchase work supplies.  Plaintiff spent between $11.00 and $60.00 per week in transportation costs in the course of his duties.  Defendants failed and refused to reimburse Plaintiff for any of these expenses.

35.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase(s).

36.     Defendants committed the foregoing acts against the Plaintiff, and the FLSA Collective Plaintiffs.

## PLAINTIFF RUDI'S FACTUAL ALLEGATIONS OF RETALIATION

37.     Beginning around June 2015 Plaintiff made a number of phone calls to Defendants complaining orally about Defendants' failure to pay overtime wages.

38.     By this oral complaint, Plaintiff engaged in activity protected by the FLSA

and NYLL.

39.     In response to Plaintiff's phone calls Defendants stated that they were paying Plaintiff more then they should, would not pay Plaintiff any overtime, and that if Plaintiff continued to demand overtime wages they would terminate his employment.

40.     Around September 2015 Plaintiff complained to Defendant Hersel Torkian in person.  Defendant Hersel Torkian became agitated by Plaintiff's request.  Less than three months later, on December 4, 2015, Plaintiff was terminated without cause.

## COLLECTIVE ACTION ALLEGATIONS

41.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

42.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants as superintendents, or superintendent helpers in the past (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy,

and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

44.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

45.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may

be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

48.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a.  Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.  Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c.  Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f.  Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs

and disbursements and attorneys' fees

49.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their car service business, doing business as Clean Air Car Service & Parking on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

52.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

53.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) members of the class.

54.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

55.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

56.     A class action is superior to other available methods for the fair and  efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

58.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.   Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b.   Whether Defendants paid Plaintiff and Class members the New York

minimum wage for all hours worked;

c.   Whether Plaintiff and Class members are entitled to overtime under the New York

Labor Law;

d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay

Plaintiff and the Rule 23 Class spread-of-hours pay as required by the

NYLL;

e.   Whether the Defendants provided wage notices at the time of hiring to Plaintiff

and class members as required by the NYLL;

f.   At what common rate, or rates subject to common method of calculation were and

are the Defendants required to pay the Class members for their work.

**STATEMENT OF CLAIM**
**COUNT I**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

59.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs

as though fully set forth herein.

60.   The FLSA provides that no employer engaged in commerce shall employ

a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-

half times the regular rate at which he or she is employed, or one and one-half times the

minimum wage, whichever is greater. 29 USC §207(a).

61.   The FLSA provides that any employer who violates the provisions

of  29  U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid

overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

62.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

63.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

64.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

65.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

66.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

67.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

68.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

69.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

70.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

71.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

72.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

73.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if

different; the telephone number of the employer.  NYLL §195-1(a).

74.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

75.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

76.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IV
## [Violation of New York Labor Law—New York Pay Stub Requirement]

77.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

79.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

80.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff to get her with costs and attorneys' fees pursuant to New

York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT V
## (FLSA RETALIATION)

81.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

82.     Upon making complaints to Defendants that Plaintiff was not being properly paid overtime premiums, Defendants threatened to terminate his employment if such complaints continued.

83.     Following further complaints by Plaintiff that he was not properly being paid overtime Plaintiff was terminated from his employment by Defendants.

84.     Plaintiff's termination was causally connected to his complaints about not being paid proper overtime.

85.     Defendants violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

86.     The Second Circuit has recently found that internal complaints are protected under the FLSA.  *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2013).

87.     As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

## COUNT VI
## (NYLL RETALIATION)

88.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs

as though fully set forth herein.

89.     By complaining about his pay as alleged above, Plaintiff engaged in an activity protected under NYLL § 215(2).

90.     Plaintiff's termination from employment as a result of his complaining of Defendants' failure to pay overtime were adverse actions.

91.     Plaintiff's termination was causally connected to his complaints about not being paid proper overtime.

92.     Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

93.     As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiff and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)      Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against the Corporate Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

i)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

k)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages,  and overtime compensation pursuant to New York Labor Law;

n)      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o)      An award of appropriate damages for the retaliatory acts taken against Plaintiff, including back pay, front pay, in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

p)      The cost and disbursements of this action;

q)      An award of prejudgment and post-judgment fees;

r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

s)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York December 16, 2015      HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*